UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARBETSKY,<br>        Plaintiff,<br><br>     v.<br><br>SNET DIVERSIFIED GROUP, INC.,<br>        Defendant. | No. 3:09cv1126 (SRU) |

**RULING AND ORDER**

A debtor or former debtor does not have standing to pursue claims that constitute property of a bankruptcy estate. *Channer v. Loan Care Serv. Ctr., Inc.*, 2011 WL 5238878, at *2 (D. Conn. Nov. 1, 2011). "Any cause of action that a debtor possesses at the time []he files for bankruptcy is included in the bankruptcy estate." *Id*. (internal citations omitted). Tarbetsky filed for bankruptcy on June 21, 2010, while this lawsuit and his agency charge with the CHRO were pending. These causes of action existed prior to the time that Tarbetsky filed for bankruptcy. Thus, Tarbetsky's claims are the property of the bankruptcy estate.

When a cause of action belongs to the bankruptcy estate, that claim cannot be brought by the debtor unless the trustee has abandoned the claim. *Id*. at *3. Tarbetsky does not argue that the trustee has abandoned the claim, and the trustee's attempt to join Tarbetsky as a co-plaintiff suggests that it still intends to pursue the claims in question. As a result, Tarbetsky does not have standing to continue in this action, and is **DISMISSED** from the action.

Although Tarbetsky cannot continue in this action, it is possible that the bankruptcy trustee can. Thus, I will treat Tarbetsky's motion to amend as a motion to join a real party in interest pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedure. "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no

way alters the original complaint's factual allegations as to the events or the participants." *Kotbi v. Hilton Worldwide, Inc.*, No. 11cv3350 (TPG), 2012 WL 914951, at *3 (S.D.N.Y. Mar. 19, 2012) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). "In the bankruptcy context, instead 'of dismissing the debtor's case, it is generally preferable to permit the bankruptcy trustee to be substituted, as the named plaintiff, in place of the debtor.'" *Id*. (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, No. 04cv7274 (GBD), 2005 WL 1018187, at *4 (S.D.N.Y. Apr. 29, 2005)). Therefore, the plaintiff's motion to amend, doc. 70, is **GRANTED**.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of August 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge